UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BITCO GENERAL INS. CO. a/s/o COLUMBIA QUARRY CO., and ANDREW KREHER,<br><br>Plaintiffs,<br><br>vs.<br><br>LIPPMANN-MILWAUKEE, INC.,<br><br>Defendant. | Case No. 3:18-cv-1718-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On August 9, 2016, Plaintiff Andrew Kreher, then an employee of Columbia Quarry Company, was using a 3650 Jaw Crusher, a rock crusher manufactured and designed by Defendant Lippmann-Milwaukee, Inc. Plaintiffs allege that, while the power of the jaw crusher was turned off, a hydraulic hose on the equipment blew, causing the crusher to crush and trap Kreher's hand and arm, causing extensive and permanent damage. Plaintiffs filed suit in the Circuit Court of the Twentieth Judicial Circuit in Monroe County, Illinois, alleging claims of strict liability and negligence against Lippmann-Milwaukee. Defendant timely removed the action to this Court and moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 1, 10). The matter is fully briefed and ripe for ruling. For the reasons delineated below, the Court denies Defendant's motion.

## Factual Allegations

Plaintiff Andrew Kreher was an employee of the Columbia Quarry Company in 2016 when he was injured at work. Plaintiff BITCO General Insurance Co. was the workers' compensation carrier for Columbia Quarry Company and for Kreher. In 2016, Columbia Quarry Company purchased a 3650 Jaw Crusher, a rock crusher manufactured and designed by Defendant Lippmann-Milwaukee, Inc ("Lippmann"), to crush rock at the quarry. Lippmann provided training to the quarry company and to Kreher during the summer of 2016. The training involved instruction on the use and operation of the rock crusher, including the proper way to adjust the discharge size of the rock using a hand pump that was connected using hydraulic hoses.

On or about August 9, 2016, while the power to the rock crusher was turned off, Kreher was adjusting the discharge size of rocks when a hydraulic hose "blew." Kreher's hand and arm were trapped and crushed by the rock crusher, causing extensive and permanent damage. Plaintiffs allege a strict product liability claim, maintaining that the rock crusher was being used in the manner and purpose for which it was intended but that it was in an unreasonably dangerous and defective condition (Count I). Plaintiffs also allege that Lippmann was negligent, as the company knew or should have known that the rock crusher was in a defective and unreasonably dangerous condition when it was placed in the stream of commerce by Lippman (Count II).

## Legal Standards

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

## ANALYSIS

### A. Strict Liability Claim

Defendant argues that Plaintiffs' complaint fails to allege with the requisite specificity that the 3650 Jaw Crusher was defectively designed or manufactured. Under Illinois law, a strict-liability claim based on a defective product requires a plaintiff to prove, "(1) a condition of the product as a result of manufacturing or design, (2) that made the product unreasonably dangerous, (3) and that existed at the time the product left the defendant's control, and (4) an injury to the plaintiff, (5) that was proximately caused by the condition." *Clark v. River Metals Recycling, LLC*, 929 F.3d 434, 439 (7th Cir. 2019)(quoting *Mikolajcyzk v. Ford Motor Co.*, 901 N.E.2d 329, 345 (Ill. 2008)).

Plaintiffs' complaint plausibly alleges a claim for strict products liability. The complaint explains that a hydraulic hose was defective at the time Lippmann released

the rock crusher at issue into the stream of commerce. Plaintiffs claim that it was defective due to the product's defective design or manufacturing defects and because the rock crusher lacked adequate warnings and instructions about hand placement during adjustments. Plaintiffs also allege sufficiently that these conditions made the rock crusher unreasonably dangerous and that the conditions caused physical injuries to Kreher. As such, Plaintiffs' claims in Count I satisfy the notice-pleading requirement of Rule 8.

### B. Negligence Claim

Lippmann argues that Plaintiffs' allegations in Count II are too threadbare to pass muster. A plaintiff attempting to establish liability based on a theory of negligent product design "must show duty, breach, proximate cause, and damages." *Malen v. MTD Products, Inc.*, 628 F.3d 296, 307 (7th Cir. 2010)(citing references omitted). Unlike a claim for strict liability, negligence claims involve both a product's condition and a defendant's fault. *Id.* That is, a plaintiff "must show that the manufacturer knew (or should have known) that the product was unsafe." *Id.*

Here, Plaintiffs allege that Lippmann owed a duty to exercise ordinary care in the manufacturing, design, sale and advertising of the rock crusher. They also allege that, as Lippmann provided training on how to use the equipment, they owed a duty to exercise ordinary care in the training process, and the complaint claims that the Jaw Crusher came with insufficient warnings and instructions. These allegations plausibly plead that Lippmann owed either a duty of ordinary care or a duty to warn of the dangers of using the Jaw Crusher to Plaintiffs.

The complaint also sufficiently pleads ways in which Lippmann breached its alleged duty, including by failing to warn users adequately and by failing to provide appropriate instruction as to hand placement during adjustment of the equipment. As a result of these breaches, Kreher was seriously injured. Unlike the strict liability claim, Plaintiffs allege in Count II that Lippmann knew, or should have known, of the deficiencies and of the unreasonably dangerous conditions when it placed the Jaw Crusher into the stream of commerce. As such, Plaintiffs sufficiently state a negligence claim in accordance with Rule 8.

## Conclusion

For the above-stated reasons, Defendant Lippmann-Milwaukee, Inc.'s motion to dismiss (Doc. 10) is **DENIED**. A status conference will be set by separate order to discuss a discovery schedule and to select a trial date.

**IT IS SO ORDERED.**

Dated: October 7, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.10.07 10:42:18 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge